UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-CV-114 RLW |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the following two motions filed by self-represented petitioner Edward Allen Moore: Petitioner's Motion for Leave to Serve Request for Production of Documents (ECF No. 2), and Petitioner's Motion for Evidentiary Hearing (ECF No. 3). The motions will be denied without prejudice.

In the first motion, petitioner seeks the production of "numerous undisclosed state records." (ECF No. 2 at 1). He includes a list of the records he seeks. The records include income tax records and medical records of certain individuals, an "unedited recording of Petitioner's trial," the personal, arrest, "public defender," and "criminal records" of certain individuals, and criminal and "custody" records of the brother, sister-in-law, and niece of certain individuals. *Id.* at 2. Petitioner describes the records he seeks as "exculpatory evidence, some of which also prove that the prosecutor knowingly used perjured testimony to convict Petitioner." *Id.* He provides nothing further about how any of the requested records relate to any ground for relief asserted in the petition. He states he seeks leave of Court to "serve the State with a request for production of the foregoing documents," but did not submit a proposed request. *Id.* at 3.

The motion will be denied. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, leave of Court is required, and judges may authorize a party to conduct discovery if "good cause" is shown. Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts. To show the requisite "good cause," a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy,* 520 U.S. at 908-909 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)).

In the instant motion, petitioner simply lists records he wants, and vaguely states that "some" of them "also prove" he was convicted using perjured testimony. (ECF No. 1 at 1). Petitioner does not explain what he hopes to find in the records, or explain how they will help him prosecute his petition. Also, petitioner did not submit a proposed request. The motion will therefore be denied without prejudice.

Petitioner's motion for evidentiary hearing will also be denied without prejudice. Before determining whether an evidentiary hearing is warranted, this Court must review the answer to the petition, along with other materials. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. Here, the respondent has not yet had the opportunity to file a response to the petition. Accordingly, the motion is premature and will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Serve Request for Production of Documents (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (ECF No. 3) is **DENIED** without prejudice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of October, 2021.