UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

EDWARD ALLEN MOORE,        )
                                         )
        Petitioner,        )
                                         )
        v.                )        No.    1:21-CV-114 RLW
                                         )
BILL STANGE,             )
                                         )
        Respondent.     )

**MEMORANDUM AND ORDER**

This state prisoner habeas matter under 28 U.S.C. § 2254 is before the Court on Petitioner Edward Allen Moore's Motion for Reconsideration of Order Denying Leave to File 59 Page Brief (ECF No. 12).  The Motion for Reconsideration will be denied.

The Court stated in its Order of October 8, 2021 (ECF No. 11) that denied Petitioner's motion for leave to file a 59-page brief, "Petitioner filed a 44-page Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and the Court has ordered the Respondent to submit an Answer.  The Rules Governing Section 2254 Cases in the United States District Courts do not authorize a petitioner to file a brief before the respondent has filed his Answer."  (Id. at 1.)

Petitioner contends the Court erred in failing to treat his "Brief" as an amendment to his § 2254 Petition because no leave of Court was required to amend under Rule 15(a), Federal Rules of Civil Procedure, as no Answer had been filed.  Petitioner also asserts that "Local Rule 4.01(D) does not purport to set page limits on pleadings" and "[t]herefore, the Court erred in disallowing Petitioner's 'brief' because it exceeded Rule 4.01(D)'s 15-page limit."  (ECF No.1 12 at 1.) Petitioner cites United States v. Sellner, 773 F.3d 972, 931-32 (8th Cir. 2014), for the proposition that a pro se habeas petitioner's subsequent filing "should be construed as a motion to amend," and Willis v. Collins, 989 F.2d 187, 189 (5th Cir. 1993) (per curiam), which petitioner cites as holding

that "because [a] habeas petition may be amended without leave of the court prior to a responsive pleading, Fed.R.Civ. P. 15(a), petitioner's 'objection' to Respondent's motion to dismiss served as an amendment to his petition."  (ECF No. 12 at 1.)

The Court will address each of Petitioner's arguments in turn.  First, the Court did not err in failing to construe Petitioner's Brief as an amendment to his § 2254 Petition.  Petitioner sought leave to file a "brief" and attached a document titled "Brief" to his motion for leave.  If Petitioner thought he was entitled to file an Amended Petition without leave of Court under Rule 15(a)(1), he would have filed an Amended Petition and not a motion for leave to file an overlength brief with a document titled "Brief" attached.

In addition, Local Rule 2.06(A) states that self-represented parties such as Petitioner should file actions on Court-provided forms, and that the Court may order a self-represented party or petitioner to file on a Court-provided form if he did not do so.  Here, Petitioner filed his initial Petition on a Court-provided form.  (ECF No. 1.)  If Petitioner wants to file an Amended Petition, he must do so on a Court-provided Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody form.

Second, Petitioner is correct that Local Rule 4.01(D)'s page limit does not apply to pleadings, e.g., a complaint, petition, or answer.  See Rule 7(a), Fed. R. Civ. P. (listing the "pleadings" allowed under the Federal Rules).  But contrary to Petitioner's assertion, the Court did not deny his motion for leave because the Brief was in excess of fifteen pages.  Instead, the Court denied leave because "the Rules Governing Section 2254 Cases in the United States District Courts do not authorize a petitioner to file a brief before the respondent has filed his Answer."  See Order of Oct.8, 2021 (ECF No. 11.)  Petitioner is not free to file as many briefs in support of his Petition as he wishes.

Finally, the cases Petitioner cites do not establish that the Court erred in denying him leave to file an overlength Brief in support of his § 2254 Petition.  Petitioner misconstrues the holding of the

2

Eighth Circuit's <u>Sellner</u> case.  <u>Sellner</u> analyzed a different statute, 28 U.S.C. § 2255, and the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires that "a federal prisoner must receive certification from the court of appeals to file a 'second or successive' § 2255 motion. 28 U.S.C. § 2255(h)." 773 F.3d at 930.  The Eighth Circuit held "that when a pro se petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend." <u>Id.</u> at 931-32.  Here, Petitioner is not a federal prisoner and his Petition is filed under 28 U.S.C. § 2254, not § 2255.  As a result, there is no issue concerning whether Petitioner's overlength Brief was a "second and successive" § 2255 motion.  The <u>Sellner</u> case has no application here.

The <u>Willis</u> case was decided by the Fifth Circuit Court of Appeals and therefore is not binding precedent on this Court.  In addition, the procedural posture of the case is distinguishable and, moreover, and the portion of the decision Petitioner relies on has been superseded by an amendment to the Federal Rules.  In <u>Willis</u>, the Fifth Circuit held that the petitioner's objection to the government's motion to dismiss served as a timely amendment to his initial § 2254 petition because, under the version of Rule 15(a) in effect at the time, a party could amend a pleading at any time before a responsive pleading was served and the government's motion to dismiss was not a responsive pleading under Rule 15(a).  989 F.2d at 189.  Here, Petitioner did not seek leave to file his overlength Brief as a response to a motion to dismiss.  Further, even if <u>Willis</u> were controlling authority on this Court, which it is not, it was superseded by the 2009 Amendment to Rule 15(a).  As quoted above, Rule 15(a)(1) now establishes two different 21-day periods for amendment without leave of Court, including one such period after a motion to dismiss is filed.  <u>See</u> Rule 15(a)(1)(B).

Petitioner does not establish that this Court erred in denying his motion for leave to file an overlength brief.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edward Allen Moore's Motion for Reconsideration of Order Denying Leave to File 59 Page Brief (ECF No. 12) is **DENIED**.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>26th</u> day of October, 2021.