# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, | ) |
| Petitioner, | ) |
| v. | ) No. 1:21-CV-114 RLW |
| BILL STANGE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Edward Allen Moore's Petitioner's Motion for Leave to Serve F.R.Civ.Pro. 34 Requests for Production ("Motion") (ECF No. 22). Respondent has filed a Response opposing the Motion (ECF No. 25) and Petitioner has filed a Reply (ECF No. 26). For the reasons discussed below, the Motion will be denied.

**I. Background**

Petitioner was charged by indictment in the Circuit Court of the City of St. Louis with four counts of assault in the first degree and four counts of armed criminal action with respect to victims Natasha Bell, Andrea Paterson, John Hampton, and William Erby, for events that occurred on or about July 22, 2017. At that time, Petitioner and the four victims were staying in an abandoned school in the City of St. Louis. Petitioner was alleged to have struck the four victims in the head with a ball peen hammer and/or a long piece of wooden handrail, causing them serious injuries. Petitioner represented himself at trial and the jury convicted him on all charges in June 2018. The state trial judge sentenced Petitioner to a total of 120 years' incarceration. Petitioner filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody on August 13, 2021. Petitioner now seeks discovery in this matter.

**II. Discussion**

Petitioner requests discovery of nineteen "certified or admittedly authentic documents and tangible objects."  The requested documents are:

1. All "Biddle House" records pertaining to William Erby.

2. All criminal records related to William Erby.

3. All child custody records pertaining to William Erby or his niece, including any record of her parents being incarcerated in May 2018.

4. Missouri Public Defender records related to William Erby identifying counsel assigned to him in 2018.

5. Missouri State Public Defender records pertaining to any consideration offered or given to William Erby as an incentive for him to testify.

6. St. Louis City Circuit Attorney records pertaining to any consideration offered or given to William Erby as an incentive for him to testify.

7. William Erby's 2017 Missouri income tax record.

8. William Erby's 2017 St. Louis income tax record.

9. William Erby's July 22, 2017 City of St. Louis Police Department personal property inventory.

10. Production of a DNA profile from the swab of blood on the handle of hammer Petitioner allegedly wielded on July 22, 2017.

11. Production of a DNA profile of a swab from a four-foot section of a handrail Petitioner allegedly wielded on July 22, 2017.

12. Video from a court holdover area in the St. Louis City Criminal Justice Center ("jail") from 4:00 a.m. through 8:00 a.m. on June 6, 2018.

13. All jail records of personnel assigned to or present in the holdover area of the jail on June 6, 2018.

14.  All jail records of inmates in the jail's holdover area from 4:00 a.m. through 8:00 a.m. on June 6, 2018.

15. All jail records naming Petitioner and/or William Erby dated June 2018.

16. Victim Andrea Paterson's July 22, 2017 medical records.

17. Victim William Erby's July 22, 2017 medical records.

18. Victim Natasha Bell's medical records from July 22, 2017, through August 31, 2017.

19. A complete, unedited recording of Petitioner's trial.

Respondent objects that Petitioner cannot show good cause for discovery because, as discussed in his Response to Order to Show Cause (ECF No. 20), all of Petitioner's grounds for relief are either procedurally barred or without merit, and this is apparent from the record. Respondent asserts that the Court should not grant any motion for discovery until it rules on the issues presented by the § 2254 Petition and memorandum in support, Respondent's Response, and Petitioner's Reply.  Respondent argues the Court should not allow piecemeal discovery on individual claims before ruling on any of Respondent's defenses to Petitioner's various grounds. Further, Respondent asserts on information and belief that Respondent Warden Stange does not possess any of the documents Petitioner seeks.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 994 (1997)).  Under Rule 6(a) of the Rules Governing § 2254 Cases and § 2255 Proceedings, a judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy, 520 U.S. at 904 & 908-09).  "The burden of demonstrating the materiality of information requested is on the moving party." Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001) (citing Murphy v. Johnson, 205 F.3d 809, 813-15 (5th Cir. 2000)).

3

Petitioner's § 2254 Petition contains nine grounds.  Petitioner's Motion does not identify which of his grounds the documents will support.  Petitioner asserts generally that his "petition alleges non-disclosure of a wealth of favorable evidence."  (ECF No. 22 at 2.)  The discovery Petitioner seeks appears to be related to Grounds Seven and Eight, which assert that the State failed to produce material exculpatory evidence (ECF No. 1 at 34, Ground Seven), and the prosecutor knowingly used perjured testimony to convict Petitioner (id. at 39, Ground Eight).

Most of the documents Petitioner seeks are intended as impeachment of victim William Erby's testimony, based on Petitioner's explanations that he shows good cause to obtain the documents because aspects of Erby's testimony were "complete fabrications," the "prosecutor and Erby obviously worked out in advance how to minimize Erby's criminal record" (id. at 3); Erby denied receiving consideration for testifying at trial but his City of St. Louis charge was dismissed the day after Erby testified in Petitioner's trial, though Petitioner acknowledges "it could be mere coincidence" (id. at 4); Erby testified he was working but Petitioner contends Erby "was allergic to work" (id. at 5); and Erby falsely accused Petitioner of threatening him while in jail (id. at 6-7). Petitioner asserts that the victims' DNA was on the weapons used, not his, and seeks DNA profiles from the swabs of the ballpeen hammer and wooden handrail section (id. at 5-6).  Petitioner challenges the severity of the victims' injuries and claims their medical records will show they did not suffer serious physical injury (id. at 7).  Finally, Petitioner asserts that the transcript of his trial "has been altered."  (Id. at 8.)

Petitioner's Motion cites several supporting documents that he states are attached thereto, including Petitioner's Affidavit, an Incident Report, Erby's rap sheet, City of St. Louis Crime Laboratory chain-of-custody record, and Marcu Davis's Affidavit.  Petitioner did not submit any documents with his Motion, however.  Petitioner later supplemented his Motion with one page of

4

a six-page City of St. Louis Metropolitan Crime Laboratory report dated August 2, 2017.  (ECF No 23.)

The Court finds that Petitioner's Motion for discovery is in the nature of a fishing expedition.  Petitioner seeks a "broad-ranging preliminary inquiry" through discovery that is "neither necessary nor appropriate in the context of a habeas corpus proceeding." Harris v. Nelson, 394 U.S. 286, 297 (1969).  As an initial matter, Respondent's Response to Order to Show Cause asserts that Grounds Seven and Eight are procedurally defaulted, because while Petitioner attempted to raise the grounds in state court in a motion to remand filed in his appellate case, this was not the proper procedure for raising a Brady or a Giglio/Napue claim. (ECF No. 20 at 6-7.) If the claims in Grounds Seven and Eight are defaulted, the Court cannot reach them and the requested discovery cannot assist Petitioner in demonstrating he is entitled to relief.

Assuming the claims in Grounds Seven and Eight are not defaulted and the Court can reach their merits, Petitioner's Motion offers no support for the assertions he makes in an effort to establish good cause for discovery under Rule 6(a).  Petitioner does not meet his burden of demonstrating the requested discovery is material because his assertions are mere speculation and are insufficient to give the Court reason to believe that discovery would show he may be able to demonstrate he is entitled to relief.  See Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Conclusionary allegations are not enough to warrant discovery under Rule 6 . . .; the petitioner must set forth specific allegations of fact.  Rule 6 . . . does not authorize fishing expeditions." (footnotes omitted)).  Further, most of the discovery Petitioner seeks is in the nature of impeachment, does not exonerate him, concerns collateral issues, or is not so material that the Court has reason to believe Petitioner may, if the facts are fully developed, be able to demonstrate he is entitled to habeas relief.  Finally, Petitioner represented himself in the underlying criminal

5

case and most of the documents he seeks could have been obtained in the state court proceedings. As such, Petitioner fails to show he was diligent in his efforts to develop the factual basis for Grounds Seven and Eight in the state court proceedings.

In sum, Petitioner offers the Court no reasonable basis on which to believe that the requested discovery would enable him to demonstrate he is entitled to habeas relief. Therefore, the Motion for discovery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Serve F.R.Civ.Pro. 34 Requests for Production (ECF No. 22) is **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of May, 2022.