UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-CV-114 RLW |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This state prisoner habeas corpus matter under 28 U.S.C. § 2254 is before the Court on motions filed by Petitioner Edward Allen Moore.

A. Motion for Reconsideration

Petitioner filed a "Motion for Reconsideration of May 25, 2022 Memorandum and Order (Doc. 27) Denying Petitioner's Motion for Leave to Serve Fed.R.Civ.Pro. 34 Requests for Production" (ECF No. 29) ("Motion for Reconsideration"). The Respondent did not file a response.

The Court construes the Motion for Reconsideration as a motion under Rule 60(b), Federal Rules of Civil Procedure. See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (the Federal Rules of Civil Procedure "do not mention motions for reconsideration;" a motion for reconsideration directed to a non-final order is properly treated as a motion under Rule 60(b)).

Federal Rule of Civil Procedure 60(b) relieves a party from a non-final order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct by an

opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b) is limited.  A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances.  Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000).

The Court has carefully reviewed Petitioner's Motion for Reconsideration and the exhibits submitted with it. Petitioner fails to show mistake, inadvertence, surprise, or excusable neglect, or any other reason justifying relief from the Order. See Rule 60(b) (identifying grounds for relief available under the Rule). The Motion does not establish a manifest error in the Court's Order of May 25, 2002, present new facts or legal authority that Petitioner could not have previously presented, or establish a showing of exceptional circumstances. As such, the Motion for Reconsideration will be denied.

B.  Petitioner's Motion to Expand the Record

Petitioner's Motion to Expand Record (ECF No. 30) asserts that Respondent did not submit the following documents to the Court as part of the state court record in this matter: (1) Moore's motion to the state appellate court to remand for newly discovered evidence of Brady/Napue violations, and two exhibits attached thereto;[1] (2) the State's reply to the motion to remand; and (3) Moore's motion for reconsideration as to the motion to remand. Petitioner's Motion asks the

---

[1] Petitioner states that the two exhibits to the motion to remand are (1) William Hughes Erby's NCIC rap sheet; and (2) a City of St. Louis Police Department Incident Report detailing Erby's May 2017 attempted home invasion, for which a criminal charge was pending when Erby testified in Petitioner's state court trial but was dismissed the day after Erby testified.  (ECF No. 30 at 1, ¶ 3.)

Court to order Respondent to file these documents from the state court record in the record of this federal habeas matter.

Respondent filed a Response Opposing in Part Petitioner's Motion to Expand the Record (ECF No. 32). The Response states that Respondent previously filed Moore's state court motion to remand for newly discovered evidence and the State's response to that motion as Respondent's Exhibits H and I (ECF Nos. 20-8, 20-9). Respondent asks the Court to deny this aspect of Petitioner's Motion as moot. Respondent additionally responds that Moore's motion for reconsideration of the motion to remand is part of the state-court record that the Court may consider, and states he does not oppose this aspect of Petitioner's Motion. Respondent attaches a copy of Moore's motion for reconsideration as an exhibit to the Response (ECF No. 32-2). Petitioner did not file a reply in support of the Motion to Expand the Record and the time to do so has passed.

The Court has reviewed the state court record filed in this matter by Respondent. Respondent's Exhibits H and I (ECF Nos. 20-8, 20-9) are Petitioner's state court motion to remand with exhibits and the State's response in opposition, respectively. The Court will therefore deny Petitioner's Motion as moot as to these documents because they are already in the record. The Court will grant Petitioner's Motion as to the third document, his state court motion for reconsideration, and make it part of the record herein.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Reconsideration of May 25, 2022 Memorandum and Order (Doc. 27) Denying Petitioner's Motion for Leave to Serve Fed.R.Civ.Pro. 34 Requests for Production" is **DENIED**.  (ECF No. 29)

3

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expand Record is **GRANTED in part** and **DENIED in part as moot** (ECF No. 30); the Motion is **DENIED as moot** as to expanding the record with Moore's motion to the state appellate court to remand for newly discovered evidence and the State's response to that motion to remand; the Motion is **GRANTED** as to expanding the record to include Moore's motion for reconsideration of his motion to the state appellate court to remand for newly discovered evidence.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the attachment to Respondent's Response (ECF No. 32-2) as a Supplement to ECF No. 20, Respondent's Response to Order to Show Cause, and the Court will consider this as Exhibit K of the state court record.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>18th</u> day of October, 2022.