# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-CV-114 RLW |
| ) | |
| BILL STANGE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This state prisoner habeas corpus matter under 28 U.S.C. § 2254 is before the Court on Petitioner Edward Allen Moore's Second Motion to Expand the Record (ECF No. 35).

Petitioner's Motion states that Respondent did not submit to this Court as part of the state court record in this matter (1) Moore's three state-court motions to transfer his direct appeal to the Missouri Supreme Court, and (2) Moore's motion to the state court of appeals to remand for correction of the record on appeal.

Petitioner asserts that the state court motions to transfer his appeal "are based on Grounds One and Two" of his § 2254 habeas petition, and that Ground Three of his § 2254 habeas petition was addressed in his motion to the state court of appeals to remand for correction of the record on appeal. Petitioner argues that, as a result, Respondent's contention that Grounds One, Two, and Three of his § 2254 petition were never raised in state court is inaccurate. Petitioner moves the Court to order Respondent to submit in the record of this federal habeas case Moore's three state-court motions to transfer his direct appeal to the Missouri Supreme Court, and his motion to the state court of appeals to remand for correction of the record on appeal.

Respondent filed a Response to Petitioner's Second Motion to Expand the Record (ECF No. 37). The Response states that Respondent does not oppose the Court reviewing Moore's motions for transfer or his motion to remand for correction of the record on appeal, but Respondent was able to locate only two motion to transfers Moore filed in his direct appeal, one filed by counsel on January 10, 2020, and another filed pro se on June 17, 2020. Respondent states he "does not object to Moore locating the third transfer motion, if it was indeed filed in the direct appeal case, and providing it to the Court. Respondent would also provide the document to the Court if Moore can provide information that would assist Respondent in locating it." (ECF No. 37 at 2.) Respondent submits copies of the two motions to transfer and the motion to remand as attachments to the Response (ECF Nos. 37-1, 37-2, 37-3).

In response to Petitioner's assertions regarding the relevance of these state court motions, Respondent states:

> 7. To the extent that Moore argues these documents are relevant to the procedural default of his claims, he is mistaken. No matter what issues Moore discussed in his pre-briefing transfer motions or in his motion for remand, he waived any issues that were not presented in his brief on appeal. *Covington v. State,* 467 S.W.2d 929, 931 (Mo. 1971) ("Allegations of error not briefed on appeal . . . will be deemed waived and abandoned."); *see also Storey v. State,* 175 S.W.3d 116, 126 (2005) (compliance with briefing rules is mandatory, and issues that fail to comply are not "preserved for review.").
>
> 8. Without waiving any legal defenses or arguments relevant to Moore's claims, Respondent does not object to the Court considering the additional documents from the state court record.

(ECF No. 37 at 2.)

Petitioner did not file a reply in support of the Second Motion to Expand the Record and the time to do so has passed.

The Court will grant Petitioner's Motion as to the two motions to transfer and the motion to remand, and make the motions part of the record herein. The Court will deny without prejudice

2

Petitioner's Motion as to the third motion to transfer. If the third motion to transfer is located, Petitioner may refile a motion to expand the record with respect to that motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Second Motion to Expand the Record is **GRANTED in part** and **DENIED in part without prejudice** (ECF No. 35): The Motion is **GRANTED** as to expanding the record to include Moore's two motions to the state court to transfer his direct appeal to the Missouri Supreme Court and his motion to the state court of appeals to remand for correction of the record on appeal; the Motion is **DENIED without prejudice** as to expanding the record with Moore's third motion to the state appellate court to transfer his direct appeal to the Missouri Supreme Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the attachments to Respondent's Response (ECF Nos. 37-1, 37-2, 37-3) as a Supplement to ECF No. 20, Respondent's Response to Order to Show Cause, and the Court will consider these as Exhibits L, M, and N of the state court record.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of December, 2022.