# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD ALLEN MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-114 RLW |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This state prisoner habeas corpus matter under 28 U.S.C. § 2254 is before the Court on self-represented Petitioner Edward Allen Moore's "Petitioner's Fed.R.Civ.Pro. 12(c) Motion for Partial (Procedural-Default Defenses) Judgment on the Pleadings" (ECF No. 41) regarding Respondent's procedural default defenses as to Grounds One, Two, Three, Five, Six, Seven, Eight, and Nine of the § 2254 Petition. Respondent did not respond to the motion and the time to do so has passed. For the following reasons, the motion will be denied.

**Discussion**

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The obvious purpose of Rule 12(c) of the Rules of Civil Procedure is to save time and expenses in cases wherein the ultimate facts are not in dispute." Ulen Contracting Corp. v. Tri–County Elec. Coop., 1 F.R.D. 284, 285 (W.D. Mich. 1940). When a court determines a motion for judgment on the pleadings, it must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." Ellis v. City of Minneapolis, 860 F.3d 1106, 1109-10 (8th Cir. 2017) (quoted case omitted).

Petitioner's Rule 12(c) motion for judgment on the pleadings is not appropriate in a habeas action. "The Rules Governing Section 2254 Cases in the United States District Courts do not contemplate the filing of a motion for judgment on the pleadings." Jones v. Quarterman, No. 3:07-CV-1984-P, 2008 WL 4602720, at *1 (N.D. Tex. Oct. 14, 2008). This is because under Rule 5 of the § 2254 Rules, the respondent to a habeas petition is required to submit matters outside the pleadings, such as transcripts and previous court filings, along with his answer. For example, in this case Respondent submitted ten exhibits of state court records related to Petitioner's claims, consisting of 919 pages. (See ECF No. 20, Exs. 1-10). Rule 5's requirement that a respondent submit such material is inherently inconsistent with the scope and purpose of a Rule 12(c) motion for judgment on the pleadings, which focuses only on the pleadings.

For these reasons, federal courts have routinely denied motions for judgment on the pleadings filed in § 2254 habeas cases as improperly filed. See, e.g., Walker v. Marsh, No. CV 19-2832, 2022 WL 3598061, at *3 (E.D. Pa. Aug. 22, 2022) ("Judgment on the pleadings under Rule 12(c) is unavailable in habeas proceedings where the government has filed a response"); Conner v. Dir., TDCJ-CID, No. 3:20-CV-3174-G-BN, 2022 WL 1229313, at *12 (N.D. Tex. Apr. 5, 2022), report and recommendation adopted, No. 3:20-CV-3174-G-BN, 2022 WL 1228204 (N.D. Tex. Apr. 26, 2022); Turner v. Errington, Civil Action No. 1:19-CV-52-HSO-MTP, 2020 WL 5351601, at *9 (S.D. Miss. Aug. 6, 2020), rec. accepted, 2020 WL 5351072 (S.D. Miss. Sept. 4, 2020); Bedell v. Menard, No. 5:18-CV-46-GWC-JMC, 2018 WL 3900614, at *2 (D. Vt. July 31, 2018), report and recommendation adopted, No. 5:18-CV-46, 2018 WL 3873666 (D. Vt. Aug. 15, 2018); Lenhart v. Rozum, No. CIV.A. 10-218J, 2013 WL 2047405, at *1 (W.D. Pa. May 14, 2013); Porter v. Berghuis, No. 1:07-CV-781, 2009 WL 3153148, at *2 (W.D. Mich. Sept. 29, 2009); Jones, 2008 WL 4602720, at *1. The Court concurs with these authorities.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner's Rule 12(c) Motion for Partial

Judgment on the Pleadings is not properly filed in this federal habeas action under 28 U.S.C.

§ 2254 and it will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edward Allen Moore's Rule 12(c) Motion for

Partial Judgment on the Pleadings (ECF No. 41) is **DENIED** as improvidently filed.


_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>2nd</u> day of June, 2023.