# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD ALLEN MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-114 RLW |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This state prisoner habeas corpus matter under 28 U.S.C. § 2254 is before the Court on self-represented Petitioner Edward Allen Moore's Motion to Take Judicial Notice of William Hughes Erby's Convictions (ECF No. 42). Respondent Bill Stange filed a Response in opposition to the motion (ECF No. 45), and Petitioner filed a Reply (ECF No. 46). The motion is therefore fully briefed and ready for decision. For the following reasons, the motion will be denied.

**Discussion**

Moore's motion asks the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of three prior convictions of William Hughes Erby, a witness in Moore's criminal trial. Moore states there are two convictions from Muscatine County, Iowa and one conviction from Laclede County, Missouri. Moore asserts that Erby denied the three convictions. Moore also asserts that the court file of Erby's Laclede County conviction "proves Erby lied about the reason he was then in jail." (ECF No. 42 at 1.) Moore further contends:

> Erby's convictions also prove aspects of Petitioner's Brady and Napue claims, i.e. Grounds Seven and Eight herein respectively; demonstrate the inju[st]ice of penalizing Petitioner for exercising his Sixth Amendment right to self-representation by denying Petitioner access to resources available to other indigent criminal defendants, i.e., Ground Two herein; and establish prejudice as a result of

>being excluded from the proceedings until three (3) weeks before the start of trial, i.e., Ground Six.

(Id. at 2.)

If a habeas petitioner has failed to develop the facts of his claim in state court, he cannot expand the record in federal habeas to include those facts unless he meets the requirements of Section 2254(e)(2). Shinn v. Ramirez, 142 S. Ct. 1718 (2022); Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007). A petitioner has failed to develop the facts in state court when "there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000); Shinn, 142 S. Ct. at 1735.

Under Section 2254(e)(2), a federal habeas court cannot expand the record to include facts the petitioner failed to develop in state court unless the petitioner's claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(i)-(ii). In addition, to satisfy Section 2254(e)(2), the facts underlying the petitioner's claim must "be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). In other words, the petitioner must demonstrate "that the new evidence will establish his innocence 'by clear and convincing evidence.'" Shinn, 142 S. Ct. at 1728 (quoting § 2254(e)(2)(B)).

Moore does not allege a new rule on constitutional law that has been made retroactive, so he cannot meet the requirements of § 2254(e)(2)(A)(i). The Court finds Moore does show that the existence of these convictions could not have been previously discovered through the exercise of due diligence, so he fails to meet the requirements of § 2254(e)(2)(A)(ii). Moore argues in his reply that the prosecutor did not produce Erby's rap sheet until after voir dire, and as an indigent,

2

incarcerated self-represented criminal defendant, he could only have obtained certified copies of Erby's convictions by means of the U.S. Mail, and did not have adequate time to obtain these before the close of evidence. This assertion fails to establish due diligence, however.

The record indicates that Moore knew about the three convictions no later than during his state direct appeal. Moore cited the three convictions as newly discovered evidence in a motion for remand, filed in his direct appeal case on February 28, 2020. (Resp. Ex. H at 4, n.19.) The Missouri Court of Appeals directed the State to file a response to Moore's motion for remand, ordered the motion taken with the case, and stated that the parties could address the issue more fully in their respective briefs. (Resp. Ex. J at 1.) But Moore apparently did not submit copies of the convictions to the state court, and that court denied the motion to remand in its Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b). (Resp. Ex. D at 35, n.17.) Moore therefore bears the responsibility for the failure to develop the state court record to include the three convictions. See Shinn, 142 S. Ct. at 1734. As a result, Moore cannot show that the existence of Erby's three convictions could not have been previously discovered through the exercise of due diligence.

In addition, although it is not necessary to address the matter further, Moore also cannot meet the requirements of § 2254(e)(2)(B). Moore seeks to expand the record with convictions that he claims would impeach one of the witnesses at his trial on collateral issues, specifically, the number of prior forgery convictions the witness had, and the reason for an arrest. (ECF No. 42 at 1-2.) These facts would be insufficient to meet the required standard to prove by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found Moore guilty of the underlying offense. See Dansby v. Hobbs, 766 F.3d 809, 817 (8th Cir. 2014)

("Latter-day impeachment evidence . . . 'will seldom, if ever,' make a clear and convincing case that no reasonable jury could believe the core of the witness's account.").

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edward Allen Moore's Motion to Take Judicial Notice of William Hughes Erby's Convictions (ECF No. 42) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of June, 2023.