UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:21-CV-114-JSD |
| ) | |
| BILL STANGE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Reconsideration of Denial of Petitioner's Motion to Take Judicial Notice of William Hughes Erby's Convictions ("Motion to Reconsider"; ECF No. 52). As discussed herein, the Court denies Petitioner's Motion to Reconsider.

Petitioner asks this Court to review the Court's prior Memorandum and Order (ECF No. 48), dated June 2, 2023, that denied Petitioner's Motion to Take Judicial Notice of William Hughes Erby's Convictions (ECF No. 42). In the underlying Motion to Take Judicial Notice of William Hughes Erby's Convictions (ECF No. 42), Petitioner asked the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of three prior convictions of William Hughes Erby, a witness in Petitioner's criminal trial. Petitioner stated that Erby had two convictions from Muscatine County, Iowa and one conviction from Laclede County, Missouri. Petitioner asserted that Erby denied the three convictions. Petitioner also stated that the court file of Erby's Laclede County conviction "proves Erby lied about the reason he was then in jail." (ECF No. 42 at 1) Petitioner further contended:

> Erby's convictions also prove aspects of Petitioner's Brady and Napue claims, i.e. Grounds Seven and Eight herein respectively; demonstrate the inju[st]ice of

1

> penalizing Petitioner for exercising his Sixth Amendment right to self-representation by denying Petitioner access to resources available to other indigent criminal defendants, i.e., Ground Two herein; and establish prejudice as a result of being excluded from the proceedings until three (3) weeks before the start of trial, i.e., Ground Six.

(ECF No. 41 at 2)

Ultimately, the Court denied Petitioner's Motion to Take Judicial Notice of William Hughes Erby's Convictions (ECF No. 42). The Court held that Petitioner could not meet the requirements of 28 U.S.C. § 2254(e)(2)(A)(i)-(ii) because he could not show that the existence of Erby's three convictions could not have been previously discovered through the exercise of due diligence. (ECF No. 48 at 3) Likewise, the Court held that Petitioner could not meet the requirements of § 2254(e)(2)(B) because, even if he had been allowed to introduce the conviction evidence, those facts would have been insufficient to meet the required standard to prove by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found Petitioner guilty of the underlying offense. (ECF No. 48 at 3-4) Petitioner moves for this Court to reconsider these determinations.

## STANDARD OF REVIEW

In his Motion to Reconsider, Petitioner states that "Federal Rule of Civil Procedure 54(b) grants district courts 'plenary power' over interlocutory orders unconstrained 'by the limitations of Federal Rule of Civil Procedure 59.'" (ECF No. 52 at 1) Notably, this Court has not yet ruled on the ultimate issue in this lawsuit, Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). Thus, Petitioner purports to bring a Motion to Reconsider an interlocutory order. The standard of review for a motion to reconsider an interlocutory order has been set forth by another District Court and aids this Court in its review of Petitioner's Motion to Reconsider:

2

The Federal Rules of Civil Procedure do not include a 'motion to reconsider.' *Keys v. Wyeth, Inc.,* No. C08–1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Keys v. Wyeth, Inc.,* No. C08–1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009).

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* (holding district court did not err in failing to grant defendant's motion to alter the judgment because defendant could have raised its argument regarding the appropriate remedy while the motion for summary judgment was first pending). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Id.* at 413.

Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Under Eighth Circuit law a party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.,* 904 F.Supp. 1476, 1496 (N.D .Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas,* 51 F.3d 117, 119 (8th Cir.1995)).[2] A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has warned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir.1994). Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order. Fed.R.Civ.P. 59(e), 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed.1995).

The standard for reconsideration of an interlocutory order is less clear. *Vosdingh v. Qwest Dex, Inc.,* No. Civ. 03–4284 ADM/AJB, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005). Although Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time

before the entry of a judgment," some language in Eighth Circuit caselaw suggests that motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir.2006) (citing *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir.2003) and *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999)). This language appears to be dicta[3] and has been criticized for failing to recognize a district court's inherent authority to reconsider interlocutory orders, authority which as a practical matter a district court needs in order to modify orders in response to the changing circumstances of a lawsuit before it. *Garrett v. Albright,* No. 4:06–CV–4137–NKL, 2008 WL 268993, at *2 n.2 (W.D.Mo. Jan. 30, 2008) (Laughrey, J.) (expressing disagreement with *Elder–Keep* ); *Laird v. Stilwill,* 982 F.Supp. 1346, 1354 (N.D.Iowa 1997) (holding that a district court's discretion to amend an interlocutory order is greater than its power to amend a final judgment); *see also Vosdingh,* 2005 WL 1323007, at *1 (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not.").

The Court agrees it has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) or 60(b). Of course, it also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. **Accordingly, it may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error**.

*Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1–2 (W.D. Mo. Sept. 2, 2010) (emphasis added).

## DISCUSSION

The Court's Memorandum and Order (ECF No. 48), dated June 2, 2023, was a non-final, non-appealable interlocutory order, so to prevail Petitioner must show (1) that he did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error. Petitioner has shown neither.

4

With respect to the first element, the Court finds Petitioner amply and fully argued this matter previously and declines to extend him another opportunity to re-argue this matter. Petitioner has failed to demonstrate any new or unavailable evidence that he has not previously argued to the Court. Indeed, the Court notes that Petitioner has known about this evidence (Erby's rap sheet) at the latest during his direct appeal in State court, yet he continually argues that he has not been offered an opportunity to develop these facts. (ECF No. 45 at 3; *cf.* ECF No. 52 (discussing Petitioner inability to discover Erby's rap sheet despite his exercise of due diligence)). As previously held by this Court, Petitioner bears the responsibility for the failure to develop the state record to show that the existence of Erby's three convictions could not have been previously discovered through the exercise of due diligence", yet he has continually and repeatedly failed to do so. Thus, the Court finds no basis for reconsideration of the prior decision.

Turning to the second element, the Court finds that granting the motion will not correct any errors, much less a significant error. The Court's previous order was a proper application of the law to the facts in this case. The Court has held that Petitioner has failed to show that the existence of Erby's three convictions could not have been previously discovered through the exercise of due diligence or that such additional facts would have resulted in a different result in the underlying offense. *See* ECF No. 48 at 4. While Petitioner may not agree with this ruling, that does not mean the previous ruling was wrong. *See Disc. Tobacco Warehouse, Inc.*, 2010 WL 3522476, at *3. On the contrary, the Court has carefully reviewed the June 2, 2023 orders and finds no error, consequently Petitioner has not met his burden here.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration of Denial of Petitioner's Motion to Take Judicial Notice of William Hughes Erby's Convictions (ECF No. 52) is **DENIED**.

_____
**JOSEPH DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 11th day of September, 2024.